**FIRST PENNSYLVANIA BANK, N. A., Plaintiff**

**v.**

**GLORIA LA VISCOUNT, Defendant**

Civil No. 1648/1977

Territorial Court of the Virgin Islands

Div. of St. Croix at Christiansted

January 29, 1979

WARNER ALEXANDER, ESQ., Christiansted, St. Croix, *for plaintiff*

MR. C. RICHARDS, Christiansted, St. Croix, *pro se*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION AND ORDER

Memorandum Opinions rendered in this cause on August 17, 1978, and October 6, 1978, established that Mr. C. Richards (hereinafter "defaulting bidder") defaulted on his bid entered at a marshal's sale held pursuant to a Judgment of Foreclosure and that plaintiff is entitled to indemnification for all losses and expenses resulting from defaulting bidder's default. Plaintiff, now before the Court for an assessment of those losses and expenses, seeks to recover the following as such losses and expenses:

1. The disparity of bid between the highest and the second highest bidder in the amount of $98.29;

2. Interest on the judgment from date of judgment to the date of expiration of the equity of redemption (April 6, 1979) at the rate of 9% per annum, post-judgment interest lost by the judgment debtor/purchaser[1] by reason of the default by Mr. C. Richards, computed to the date when the property may first be sold free of the equity of redemption;

3. Insurance premiums and real property taxes which were or will be incurred by the judgment debtor/purchaser[1a] by reason of the default by Mr. C. Richards through the first date when property may be sold free of the equity of redemption;

4. Additional legal fees incurred by the judgment debtor/purchaser[1b] by reason of the default and subsequent proceedings.[2]

There is no question that certain of the expenses sought to be recovered by plaintiff are properly chargeable against the defaulting bidder. Accordingly, the disparity

---

[1] This designation is set forth in plaintiff's memorandum of law in support of its application. Clearly, it refers to the judgment creditor/purchaser.

[1a] See fn. 1.

[1b] See fn. 1.

[2] See plaintiff's Memorandum of Law and Affidavit of costs filed in support of its application for determination of the issue of indemnification.

between the defaulting bidder's bid price of $27,200 and the ultimately confirmed sale price to plaintiff of $27,101.71 or $98.29, will be allowed without comment. Reimbursement of the 1977 property tax in the sum of $238.75 paid by plaintiff on August 25, 1978, will also be allowed, since the defaulting bidder would have been responsible for the payment of this sum had he not defaulted.[3]

■ Since the requested supplemental attorney's fee in the sum of $225.00 occasioned by the default of Mr. Richards is found to be reasonable as to time expended and hourly rate charged, it will be allowed. While the usual measure of attorney's fee allowance is an indemnification of the prevailing party for a fair and reasonable portion of his attorney's fee incurred in the prosecution or defense of the action, and not for the whole amount charged by the attorney,[4] this case requires a different result. Here, plaintiff is entitled to indemnification for its loss arising out of the default. Part of its loss is the full charge made by its attorney for three hours of work at $75.00 per hour.

The remaining items for which recovery is sought must be addressed and dealt with separately.

■ On October 6, 1978, when the sale of the premises to plaintiff was confirmed, it became the possessor of the subject real property, entitled to possession and the retention of rents, issues and profits, and it assumed all obligations necessary to protect its status as a purchaser. See footnote 3, supra. Any taxes required to be paid by the plaintiff subsequent to the date of confirmation can be recouped only upon redemption pursuant to the statutory scheme.[5] For this reason, plaintiff's claim for reimbursement of 1978 property taxes and a prorated share of 1979

[3] See 5 V.I.C. § 496 and 5 V.I.C. § 500.
[4] Lucerne Investment Company v. Estate Belvedere, Inc., 7 V.I. 242, 411 F.2d 1205 (3d Cir. 1969).
[5] See 5 V.I.C. §§ 494, 495, 496 and 498.

property taxes will be disallowed as an expense to which indemnification does not extend.

■ With regard to the claim for reimbursement of insurance premiums paid June 6, 1978, the sum of $69.18 will be allowed. This constitutes a pro rata share of the insurance premium due from June 6, 1978, the date paid, to October 6, 1978, the date of confirmation of the sale to plaintiff and the date of the accrual of plaintiff's right to possession. There can be no dispute that upon the accrual of the right to possession, the obligation to insure was that of the plaintiff as purchaser.

The only remaining claim made by plaintiff is for interest which accrued on the bid price from February 28, 1978, to April 6, 1979. This claim will be allowed in part and rejected in part.

■ Under the terms of sale, the bidder was required to pay the balance of the bid price 30 days after the sale.[6] Thus, the defaulting bidder's failure to pay the balance on May 7, 1978 (30 days after the sale conducted by the marshal on April 7, 1978), placed him in default, and plaintiff, as of that day, began to suffer a deprivation of the use of the purchase price which, upon confirmation of the sale, would have been paid over to it.[7] Interest on the bid price, therefore, properly commenced to accrue on May 7, 1978, and continued to accrue until October 6, 1978, the date upon which plaintiff's right to possession accrued. This is a period of 151 days, for which period interest, calculated at the rate of 9% per annum on $27,200, amounts to $1,012.73.

The sum total to be charged to the defaulting bidder, therefore, amounts to $1,643.95, leaving a balance of $1,076.05 to be returned by the Clerk of the Court to the defaulting bidder.

---

[6] See Condition 2, Conditions of Sale.
[7] 5 V.I.C. § 489(3).

■ This appears to be an appropriate place to add the comment that this Court holds that when the plaintiff elected to purchase the subject property, it elected to substitute the right of immediate possession and the retention of rents, issues and profits, for its right to seek subsequent damages. To hold otherwise would lead to the plaintiff acquiring both the right to possession and retention of rents, issues and profits, *and* the recovery of monetary damages for the breach. Plaintiff may not receive such a windfall benefit.

An Order directing the Clerk of the Court to distribute the deposit money in her possession pursuant to this Memorandum Opinion shall enter forthwith.

### ORDER

In accordance with the Memorandum Opinion entered on even date herewith; and the Court being otherwise fully advised in the premises; it is

ORDERED that the Clerk of this Court forthwith distribute the defaulting bidder's (Mr. C. Richards) deposit to the persons or entities and in the amounts immediately following:

1) To plaintiff, the sum of $1,643.95;
2) To Mr. C. Richards, the sum of $1,076.05.