**THE BANK OF NOVA SCOTIA, Plaintiff**
**v.**
**MICHAEL T. KORLESKI A/K/A MICHAEL KORLESKI,**
**CYNTHIA M. KORLESKI A/K/A CYNTHIA KORLESKI, AND**
**STO FLORIDA INDUSTRIES MCA STO, Defendants**

Civil No. 448/2001

Territorial Court for the Virgin Islands

Division of St. Croix

November 24, 2003

SAMUEL T. GREY, ESQ., St. Croix, U.S. Virgin Islands, *Counsel for Plaintiff*

ADAM HOOVER, ESQ., St. Croix, VI, *Counsel for Defendants*

ROSS, *Judge*

**MEMORANDUM OPINION**

(November 24, 2003)

THIS MATTER is before the Court on Plaintiff The Bank of Nova Scotia's ["Plaintiff"] Supplemental Petition for Release of Funds, by the Clerk of the Territorial Court, representing the forfeited ten percent (10%) of a bid at a Territorial Marshal's sale of the following real property at a public auction on February 7, 2003:

> Plot 98 (1.5475 U.S. acre) of Estate Clairmont, Northside Quarter B, St. Croix, VI as shown on Public Works Department Drawing No. 4047, dated February 17, 1981.

For the following reasons, Plaintiff's motion will be denied. A hearing on the matter was held on June 19, 2003. On February 7, 2003, the final bid, placed by one Juan Hendricks, amounted to $28,700.00. The second highest bid was by Plaintiff for $28,647.29. According to the terms of the Marshal's sale, ten percent (10%) or $2870 was to be deposited with the Clerk of the Territorial Court; balance to be paid within thirty (30) days. If the bidder fails to pay the balance within the thirty-day period, the deposit is forfeited and is applied toward satisfaction of the judgment.[1] Mr. Hendricks failed to pay the balance due, therefore the $2,870 deposited was forfeited and was applied toward the judgment for which said property was being sold. Plaintiff, the second highest bidder at $28,647.29, the amount of the judgment, was thereupon awarded and agreed to honor its bid. Plaintiff filed a Receipt for Satisfaction of Judgment, which was executed on March 31, 2003. A report of the sale was prepared and filed on May 16, 2003, with an amended report filed on July 7, 2003. Plaintiff then moved the Court for an order confirming the sale; the order confirming the sale of the real property to the Plaintiff for the sum of $28,647.29 was signed on May 30, 2003. Plaintiff now requests release of the deposit of $2,870 and cites *First Pennsylvania Bank N.A. v. Gloria La Viscount*, 15 V.I. 460 (Terr. Ct. 1979) in support of its position.

The facts in the case *sub judice* mirror the facts in *First Pennsylvania.* In the latter case, the highest bidder at a Marshal Sale also

---

[1] *See* Terms of Sale, ¶ 3. Terms of Sale document has incorrect date and property description.

defaulted by failing to deposit the balance of the purchase price with the Clerk of the Court. Plaintiff bank sought relief from the Court regarding losses and expenses it incurred as a result of the highest bidder defaulting on his bid. The *First Pennsylvania* Court awarded the Plaintiff the difference between the defaulting bidder's purchase price and the ultimately confirmed price; reimbursement of property taxes paid by Plaintiff; full attorneys fees; reimbursement of a pro rata share for insurance payments paid by Plaintiff and a portion of interest on the bid price commenced to accrue until Plaintiff's right to possession accrued. The total of these sums came out of the deposit, and the balance was returned to the defaulting bidder. This Court declines to follow the *First Pennsylvania* Court for several reasons and will look to relevant statutes for guidance.

5 V.I.C § 489(5) states *inter alia,*

> If after the satisfaction of the judgment, there are any proceeds of the sale remaining, the clerk shall pay such proceeds to the judgment debtor, or his representatives ... at any time before the order is made, upon the motion to confirm the sale, provided such party files with the clerk a waiver of all objections made or to be made to the proceedings concerning the sale; but if the sale is confirmed, such proceeds shall be paid to such party of course, otherwise, they shall remain in the custody of the clerk until the sale of the property has been disposed of.

From the statute, it is clear that once a judgment is satisfied, the balance of the proceeds[2] is to be turned over to the defaulting debtor, (the Korleskis and STO FLORIDA INDUSTRIES MCA STO), if they waive all objections to the sale before the order confirming the sale. If the sale is confirmed, the proceeds shall be paid to the judgment debtors to the extent of its judgment and the balance to the judgment creditors, otherwise the proceeds will remain with the clerk until a court-ordered disposition. As indicated above, the Plaintiff filed its Receipt For Satisfaction of Judgment on March 31, 2003, wherein Plaintiff stated, "This receipt constitutes the full satisfaction of the Judgment in the

---

[2] As the initial deposit is the result of the sale, the deposit is considered proceeds of the sale. Thus, the proceeds of the sale were the $2,870 deposit plus Plaintiff's bid of $28,647.29, a total of $31,517.29.

amount of $28,647.29 which will not be hereafter enforced against defendants." Plaintiff clearly has been made whole as of March 31, 2003. Thereafter, Plaintiff moved for an order confirming the sale, which was granted. The judgment debtors are thus entitled to the balance of the proceeds. To award the Plaintiff these proceeds after its judgment is satisfied would be to allow a windfall to the detriment of the judgment debtors and contrary to the law. Moreover, according to the Terms of Sale document, the initial deposit of ten percent (10%) was to be forfeited and applied toward the judgment. Moreover, by law and the terms of the sale, Juan Hendricks, the defaulting bidder, is not entitled to a refund of the remaining proceeds, contrary to the holding in *First Pennsylvania*.

In summary, where a judgment creditor receives the full amount of its judgment as evidenced by its satisfaction of judgment, it is not entitled to any more of the proceeds. But where a judgment creditor receives less than the full amount of its judgment, it is entitled to damages suffered as a result of a defaulted bid. *See First Pennsylvania Bank N.A.*, 15 V.I. at 460.