MALCOLM B. TEBBS, Appellee

v.

ALCOA STEAMSHIP COMPANY, INC., Appellant

No. 11942

United States Court of Appeals

Third Circuit

Argued January 29, 1957

Decided February 25, 1957

*See, also, 241 F.2d 276*

W. W. Bailey, Charlotte Amalie, St. Thomas, Virgin Islands, *for appellant*

George H. T. Dudley, Charlotte Amalie, St. Thomas, Virgin Islands, *for appellee*

Before, MARIS, MAGRUDER and KALODNER, *Circuit Judges*

MARIS, *Circuit Judge*

This is an appeal by the defendant from a judgment in favor of the plaintiff entered by the District Court of the Virgin Islands in a suit for damages for personal injuries alleged to have been caused by the defendant's negligence. The facts are fully set out in the opinion filed by Judge Moore in the district court, 3 V.I. 186, 139 F. Supp. 56, and need not be repeated here in detail. Suffice it to say that the plaintiff sought damages for injuries which he suffered when the crutches which he was using because of a previously fractured leg slipped on a freshly oiled floor on the defendant's premises and he fell, refracturing his leg. At the conclusion of the plaintiff's case, the defendant moved for dismissal of the action which was denied. The plaintiff was awarded $10,000 for his personal injuries, $1,183 for his medical expenses and $1,500 for his attorneys' fees, a

total of $12,683. On appeal the defendant asserts (1) that the evidence did not prove the defendant negligent, (2) that the award of $10,000 for personal injuries was excessive and (3) that the fee of $1,500 allowed as costs to the plaintiff's attorneys was excessive, After examining the record we are satisfied that none of these contentions has merit.

■ ■ There was ample evidence to support the finding of the district court that the defendant, through its manager, knew of the slippery condition of the floor of the vestibule in its offices upon which the plaintiff slipped and fell when at the invitation of the manager he used the vestibule to go to the manager's private office. The plaintiff was on the defendant's premises as a business invitee. He was using crutches, as the defendant's manager knew, because of a previous fracture of his leg. Under these circumstances the failure of the manager to warn him of the slippery condition of the floor of the vestibule which he was being invited to traverse was clearly negligence imputable to the defendant. Restatement, Torts, § 343.

■ ■ The amount of the damages to be awarded for the injuries suffered as a result of the defendant's negligence was peculiarly for the district court and its determination of such damages will not be reversed on appeal unless the amount awarded was so outrageous as to exhibit a manifest abuse of discretion. Zarek v. Fredericks, 3 Cir., 1943, 138 F.2d 689; Dubrock v. Interstate Motor Freight System, 3 Cir., 1944, 143 F.2d 304, certiorari denied 323 U.S. 765, 65 S. Ct. 119, 89 L. Ed. 613; Giffin v. Ensign, 3 Cir., 1956, 234 F.2d 307. This rule is now applicable in the Virgin Islands. Callwood v. Callwood, 3 Cir., 1956, 3 V.I. 579, 233 F.2d 784. In the light of the evidence of the injuries suffered by the plaintiff when he slipped and fell on the defendant's premises we are satisfied that the award of

$10,000 as damages was well within the discretionary power of the district court.

■■ Under the Code of Laws of the Municipality of St. Thomas and St. John, Title III, chapter 50, section 1 (5 V.I.C. § 541), the allowance as costs of an attorney's fee to the prevailing party and the amount of the allowance if made are wholly within the discretion of the district court and its determination thereof will not be disturbed on appeal unless a clear abuse of discretion is shown. We are satisfied that there was no such abuse of discretion in the award of attorneys' fees to the plaintiff in this case.

The judgment of the district court will be affirmed.