**JOSEPH QUETEL, Plaintiff**

v.

**JOSEPH QUERRARD, Defendant**

Civil No. 257-1966

District Court of the Virgin Islands

Div. of St. Thomas and St. John

January 17, 1968

*See, also, 278 F.Supp. 341*

DANIEL W. AMBROSE, ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for plaintiff*

WILLIAM A. PALLME, ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for defendant*

GORDON, *District Judge*

## MEMORANDUM OPINION

This action to determine a boundary line was tried to the Court without a jury. By findings of fact, conclusions of law, and judgment dated December 8, 1967, the Court held in favor of the defendant on his counterclaim.

Defendant has since submitted a bill for costs in the amount of $1,435.50. A portion of this total must be disallowed.

I

██ ██ Included in the total bill is an item of $600.00 representing the fee paid to one N. O. Wells, a surveyor, who did certain work for defendant and testified in Court as to his findings. It is emminently clear that under the Federal Rules of Civil Procedure, the fees charged by expert witnesses are not taxable as an item of costs to the prevailing party, at least in the absences of prior Court approval. Green v. American Tobacco Co., 304 F.2d 70; Euler v. Waller, 295 F.2d 765; Kirby v. Louisiana, 293 F.2d 82. See also, Annot. 97 A.L.R.2d 138 (1964). 3 Barron & Holtzhoff 1195.

■ Our local rule, 5 V.I.C. § 541, provides that fees of officers, witnesses and jurors may be allowed as costs in a civil action. However, absent prior approval of the Court, or at least evidence as to the value and reasonableness of the fee charged by the expert, the Court will not summarily tax against a losing litigant the expenditures of prevailing counsel for expert testimony. Tebbs v. Alcoa, 139 F.Supp. 56, 3 V.I. 186, Aff'd., 241 F.2d 276, 3 V.I. 592.

■ The Court feels that the better practice, when counsel anticipates large items of cost, would be to petition the Court in advance for permission to tax the items as cost, should counsel prevail. See Annot. 97 A.L.R.2d 138 (1964). While the successful litigant's items of cost would still fall under the supervision of the Court as to their reasonableness and necessity, many of the difficulties arising from extended litigation or involving experts or counsel might in this way be avoided. See, for instance, the Court's opinion in Skeoch v. Ottley, 278 F.Supp. 314, 6 V.I. 99 (1968).

## II

Counsel's remaining $835.50 of which $826.25 represents attorney's fees will be allowed. The Court's responsibility in assessing a reasonable attorney's fee has been much facilitated by counsel's inclusion in his cost bill copies of his day-to-day diary notes concerning the services rendered to his client in conjunction with this lawsuit.

Let judgment be entered accordingly.