**LUCERNE INVESTMENT COMPANY**

**v.**

**ESTATE BELVEDERE, INC., Appellant**

No. 17,228

United States Court of Appeals

Third Circuit

Argued January 27, 1969

Decided June 16, 1969

*See, also, 411 F.2d 1205; 7 V.I. 275*

WARREN H. YOUNG, ESQ. (YOUNG, ISHERWOOD, GIBBS & CARNEY), Christiansted, St. Croix, Virgin Islands, *for appellant*

RUSSELL B. JOHNSON, ESQ., Christiansted, St. Croix, Virgin Islands, *for appellee*

Before MARIS, FREEDMAN and VAN DUSEN, *Circuit Judges*

OPINION OF THE COURT

MARIS, *Circuit Judge*

This appeal presents the question whether an award by the District Court of the Virgin Islands of attorney's fees to the prevailing plaintiff in an uncontested mortgage foreclosure action was so excessive in amount as to constitute a reviewable abuse of the discretion vested in the District Court in that regard by the Virgin Islands Code.

The complaint, which was prepared by the attorneys for the plaintiff and filed in the District Court on April

11, 1967, sought the foreclosure of a mortgage given by the defendant on its real property in St. Croix. The mortgaged property had been valued at $350,000 and the remaining principle due on the mortgage was $254,449.80. On June 1, after the time allowed for filing an answer had expired the attorneys for the plaintiff moved for the appointment of a receiver and on August 31 and again on October 17 for a default judgment. Meanwhile the attorneys for the defendant on May 29 had moved for and obtained an extension of time for filing the answer on the ground that negotiations for refinancing the mortgaged property were about to bear fruit. These, however, subsequently came to naught.

At the hearing on September 28 of the plaintiff's motion for a default judgment which had been filed on August 31 the attorneys for the defendant reported another refinancing possibility and requested and received another extension of time to answer, this one until October 23. On October 27 the attorneys for the defendant informed the court that this possibility had collapsed and that there was no further reason to delay the entry of a default judgment. The court thereupon stated that it would enter such a judgment, reserving the amount of attorney's fees to be awarded to the plaintiff. On October 28, 1967 the attorneys for the plaintiff filed an affidavit and petition for the allowance of $27,000 in attorney's fees. Without further notice or hearing the court on the same day entered a default judgment of foreclosure and sale and included therein an award to the plaintiff of $27,000 for attorney's fees. The court subsequently denied the defendant's motion for reconsideration of this allowance. The appeal which is now before us followed.

Attorney's fees are allowable as costs to the prevailing party in the Virgin Islands under section 541 of Title 5, V.I.C., the pertinent provisions of which are:

"(a) Costs which may be allowed in a civil action include:

. . .

(6) Attorney's fees as provided in subsection (b) of this section.

(b) The measure and mode of compensation of attorneys shall be left to the agreement, expressed or implied, of the parties; but there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorneys fees in maintaining the action or defenses thereto."

On this appeal the defendant urges that the award of attorney's fees by the district court in this case was so grossly excessive as to amount to a clear abuse of discretion. We agree. The amount of attorney's fees to be awarded to the prevailing party is discretionary with the court, as the statute states, and is reversible on appeal only in case of a clear abuse of discretion. Tebbs v. Alcoa Steamship Company, 3 Cir. 1957, 3 V.I. 592, 241 F.2d 276. It is nonetheless intended to be an indemnification of the prevailing party for a fair and reasonable portion of his attorney's fees incurred in the prosecution or defense of the action, and not for the whole amount charged by the attorney, especially if that amount is excessive under the facts of the case. Smith v. Government of the Virgin Islands, 3 Cir. 1966, 5 V.I. 536, 361 F.2d 469. Upon consideration of the facts of this case we are clear that the award of $27,000 was so much in excess of a fair and reasonable fee as to amount to an abuse of discretion on the part of the district court which it is our duty to correct.

Canon 12 of the Canons of Professional Ethics of the American Bar Association[1] sets forth some of the criteria appropriate for consideration in fixing an attorney's fee. Among them are the time and labor required, the novelty and difficulty of the questions involved, the skill

---

[1] American Bar Association, Opinions on Professional Ethics, 1967 ed., p. 48–49.

requisite properly to conduct the cause, the customary charges of the bar for similar services, the amount involved in the controversy, the benefits resulting to the client from the services, and the contingency or certainty of the compensation. We think that these are appropriate criteria for the court's consideration in awarding attorney's fees as costs to a prevailing party in a civil action under section 541 of title 5, V.I.C.

In the present case it appears that the time of the plaintiff's attorneys involved was only 28 1/2 hours. If they were to charge as much as $35 per hour[2] the total would come to only about $1,000. By way of contrast the sum awarded by the court would come close to $1,000 per hour. Little need be said with respect to the novelty or difficulty of the questions involved, for it is obvious that they were neither novel nor difficult. On the contrary, the case was an ordinary foreclosure action, the preparation of which was a routine legal procedure. There was no denial by the defendant of the plaintiff's right to foreclosure but only pleas for time to refinance. No legal question, difficult or simple, was raised in the case for no answer was filed and judgment was obtained by default. It is equally clear from these facts that no special legal skill was required but merely familiarity with the Virgin Islands mortgage foreclosure procedure as set forth in the statutes and rules of court. The benefits derived by the plaintiff from the default judgment were not due to any special services or skill of its attorneys above and beyond what would be adequately compensated on the customary hourly basis. No contingent fee was involved for nothing could be more certain than the result to be expected in an uncontested foreclosure suit. Indeed the only consideration

---

[2] We take judicial notice of the fact that this has been the rate charged by leading law firms in difficult Virgin Islands litigation.

which would in any way tend to support the award here under review is the amount involved. As we have said, the mortgaged property was valued at approximately $350,000. But we do not regard this consideration as controlling. The attorneys for the plaintiff in conducting this uncontested foreclosure action bore no burden of special responsibility because of the value of the mortgaged property, as might have been true had the mortgage been ambiguous or uncertain and the action contested on those grounds. After full consideration of the record of the proceedings in this foreclosure action we conclude that the attorney's fee awarded to the plaintiff must be drastically reduced and that $2,000 would be a fair and just award in that regard.

The judgment of the district court will be modified by reducing the award of attorney's fees to the plaintiff to $2,000 and as so modified will be affirmed, without costs.