**JUDITH MAZUR, Plaintiff**

v.

**PETE BEAUCHAMP, Defendant**

Civil No. 389/1978

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

August 10, 1979

SHARON L. NOLAN, ESQ., St. Thomas, V.I., *for plaintiff*

IVER A. STRIDIRON, ESQ. (STRIDIRON & WILLIAMS), St. Thomas, V.I., *for defendant*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

### SUR APPLICATION FOR COSTS AND ATTORNEY'S FEES

This memorandum opinion is written in compliance with the mandate of the United States Court of Appeals for the Third Circuit in Francois v. Francois, 16 V.I. 130, 599 F.2d 1286 (3d Cir. 1979).

After a bench trial of the captioned matter, this court entered judgment for the total sum of $1,909.00 in favor of plaintiff and against defendant, and dismissed the defendant's counterclaim. While it is true that plaintiff

did not prevail as to all of her claims, there can be no serious dispute she was the prevailing party as that term is used in 5 V.I.C. § 541(b).

Plaintiff seeks to have costs taxed in the sum of $843.00 and, in addition thereto, seeks award of an attorney's fee in the sum of $4,020.00. In support of these requests, plaintiff's attorney has submitted an "Affidavit for Costs and Attorney's Fees." Defendant has, of course, objected to award of the amounts sought.[1]

### I—AWARD OF COSTS

The file discloses that plaintiff paid a fee of $15.00 for filing of the complaint and service of the summons upon defendant. Clearly, this sum is recoverable.[2] The further sum of $18.00 is sought as reimbursement for cost of the transcript of Norton Levine's deposition. The use of this deposition was mandated by the fact that Mr. Levine was about to leave the jurisdiction and his testimony could be preserved only by this means. Accordingly, this expenditure is recoverable as costs.[3] The sum of $30.00 is sought as reimbursement of subpoena fees incurred by plaintiff. This is also clearly recoverable.[4] No real dispute is present regarding these items which total $63.00.

Plaintiff seeks reimbursement of the sum of $500.00 for "Monies deposited on case," as "costs." This sum appears to be the retainer fee paid by plaintiff to her attorney. It is clearly not a recoverable cost, except to the extent that an attorney's fee may be awarded. It will be disallowed as a separate item of costs.

---

[1] This objection, in the form of a letter addressed to plaintiff's counsel, with a copy to the court, is further evidence of the failure of counsel to adhere to the most basic rules of court. To the date of this writing, the court has not received a pleading which sets forth the specific objections which counsel wishes to raise. It is the duty of counsel to assist the court by calling all objections, as well as the reasons therefor, to its attention.

[2] 5 V.I.C. § 541(a)(1).
[3] 5 V.I.C. § 541(a)(2).
[4] 5 V.I.C. § 541(a)(1).

■ Finally, plaintiff asserts that the sum of $280.00 was expended as witness fees: $150.00 for James Green; $50.00 for Peter Williams; and $80.00 for other witnesses.[5] None of these witnesses were presented as experts, nor was there any pretrial application to the court for allowance of witness fees as costs. See Tebbs v. Alcoa Steamship Co., 139 F.Supp. 56, 3 V.I. 186, 196, affirmed 241 F.2d 276, 3 V.I. 592 (1956). Even if they had been presented as experts, ". . . absent prior approval of the Court, or at least evidence as to the value and reasonableness of the fee charged by the expert, the Court will not summarily tax against a losing litigant the expenditures of prevailing counsel for expert testimony." Quetel v. Querrard, 6 V.I. 214, 216 (1968). Furthermore, this court has found neither statute nor court rule applicable to the Territoral Court which provides for payment of any fixed witness fee.[6] Accordingly, this item will not be taxed as costs of this action.

## II—AWARD OF ATTORNEY'S FEES

At the outset, it should be noted that although reference will be made in this Memorandum Opinion to "the plaintiff," the comments herein are directed to plaintiff's counsel, since it is plaintiff's counsel that has made the request for fees, framed the pleadings therefor, and submitted the affidavit in support thereof.

Just as the night follows the day with absolute predictability, so does plaintiff's display of cupidity[7] follow the entry of judgment herein.

Although this litigation involved several different claims, they may be categorized as (1) a claim on a contract for reimbursement, (2) a claim for assault and battery, and

---

[5] See Paragraph 4(d) of Affidavit for Costs and Attorney's Fees filed by plaintiff's attorney.

[6] Compare 5 V.I.C. § 660, 28 U.S.C.A. § 1821, and Rule 45(c), F.R.C.P., as to the District Court.

[7] "Strong desire, especially for wealth; avarice; greed." Webster's New World Dictionary of the American Language, Second College Edition, page 346.

(3) a claim for destruction of certain personal property. Each claim is simple, involving no unusual or obscure rules of law. The facts as developed at trial were not remarkable or difficult of proof. Despite the uncomplicated nature of the case, plaintiff has claimed a total of 67 hours of preparation and trial time.

By way of example, the court notes plaintiff's claim of approximately 18 hours expended in interviewing the plaintiff in preparation for trial.[8] In addition, approximately 8 more hours are claimed for interviewing witnesses. This court cannot conceive of any reasonable necessity for the expenditure of 26 hours in interviews of plaintiff and other witnesses. Furthermore, plaintiff has asserted expenditures of time such as:

"Preparation of amended complaint 3 [hours]"

"Preparation of letter to Iver A. Stridiron, Esq. 1 [hour]"

"Preparation and drafting of interrogatories 4 [hours]"

 This court cannot accept as fact the expenditure of 8 hours for this work. It is, I believe, a gross overstatement of the time actually spent, or, in the alternative, the result of such ineptitude on the part of counsel as to remove the work from the realm of reasonably necessary services. If it is the former, appropriate adjustment should be made. If it is the latter, surely the losing litigant should not be penalized by the lack of ability on the part of counsel.

 Over and above the shortcomings already mentioned, counsel has applied a simplistic mathematical formula consisting of the multiplication of the hours allegedly expended times the asserted hourly rate, to arrive

[8] Affidavit for Costs and Attorney's Fees filed on behalf of plaintiff.

at a request for an award of attorney's fees in the sum of $4,020.00, in a case where a judgment of $1,909.00 was obtained. Such an approach undercuts the spirit as well as the letter of the established guidelines. Judge Maris admonished us to remember that:

... The amount of attorney's fees to be awarded to the prevailing party is ... intended to be an indemnification ... for a *fair and reasonable portion* of his attorney's fees incurred in the prosecution or defense of the action, and *not the whole amount charged* by the attorney. (Emphasis added.) Lucerne Investment Co. v. Estate Belvedere, Inc., 7 V.I. 242, 245; 411 F.2d 1205 (1969).

In Lindy Bros. Bldrs. Inc. of Phila. v. American R & S San. Corp., 487 F.2d 161 (1973), and Estien v. Christian, 11 V.I. 464, 507 F.2d 61 (1975), the factors to be considered were clearly stated, and Francois, supra, restated them.[9]

This case presents a classic picture of an ever-widening attitude adopted by the Bar with regard to the award of attorney's fees. Title 5 V.I.C. § 541 must not be looked upon as "the pot of gold at the end of the rainbow" or as "the goose that lays the golden eggs."

In the case at bar, this court will allow no more than four hours as reasonable conference time with plaintiff. Two hours will be allowed for the preparation of the amended complaint, the correspondence referred to in counsel's affidavit, and the stipulation of counsel. One hour will be allowed for the drafting of interrogatories, and three hours will be allowed for research and trial preparation. An additional six hours will be allowed for trial. This time constitutes, in the court's view, a reasonable allocation of the time *necessarily* expended in this litigation. Such claims as time spent in "viewing of scene of the incidents complained of" are disallowed because

---

[9] Those factors were: "(1) the time spent by the attorneys, (2) valuation of the services performed, (3) the contingent nature of success, (4) the quality of the attorney's work."

counsel could not have reasonably anticipated that such viewing could or would have shed light on the subject matter of the litigation.

In total, 16 hours appear to be the maximum allowable allocation of time and, when multiplied by the asserted hourly rate of $60.00, produces a "lodestar" of $960.00. It cannot be said that any complexity existed in this litigation, either on the complaint or defense of the counterclaim, which would merit an increase in attorney's fees.

■ On the other hand, it should have been apparent to counsel that certain of the claims asserted, including but not limited to those contained in paragraphs 7(A) and 7(C)(e) of Count II of the amended complaint, were doomed to total or near total defeat.[10] Much preparation time and even more trial time was expended in asserting these dubious claims, and this fact would suggest a downward revision of the fee ultimately to be awarded.

Finally, the court, without intent to denigrate the ability of counsel, must state that the quality of counsel's work cannot be classified as unusual, outstanding, innovative, or otherwise noteworthy. It can best be categorized as an adequate presentation of a non-complex matter.

Upon consideration of Judge Maris' counsel in Lucerne Investment, supra, and in view of the foregoing analysis, the court concludes that the demand for an attorney's fee of $4,020.00 in this case is excessive and unsupportable, and evidences avarice. The over-exercise of the goose that lays the golden eggs has caused it to miscarry.

A reasonable attorney's fee of $600.00 will be awarded to plaintiff.

---

[10] When plaintiff's insurer paid her automobile collision claim and became subrogated to her rights, there was no way in which she, in her own right, could have recovered more than the $100 deductible which she paid.