**DARNLEY PETERSEN and ATHALIE PETERSEN,
Plaintiffs**

v.

**JOSEPH KNIGHT, Defendant**

Civil No. 524/1979

Territorial Court of the Virgin Islands

Div. of St. Croix at Christiansted

April 29, 1981

RICHARD KEELING, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

ALLAN A. CHRISTIAN, ESQ., Frederiksted, St. Croix, V.I., *for defendant*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

This case is now before the Court on defendant's Motion for a New Trial and plaintiff's Affidavit for Attorney's Fees. The Motion for New Trial will be denied and attorney's fees will be awarded in compliance with the following opinion.

## MOTION FOR NEW TRIAL

This is a negligence action in which plaintiff Athalie Petersen seeks to recover for property damage to an automobile owned by her and driven by her son, plaintiff Darnley Petersen, on October 12, 1973. On the day in question at about 1:30 p.m., the defendant Joseph Knight attempted to enter Centerline Road, heading east, but was unable to completely cross the left hand lane of traffic. Petersen, who was driving on the left side of the road, saw Knight's truck, swerved to avoid a collision, but hit the back of Knight's vehicle. The plaintiff's car spun around and hit a tree. The resulting damage to the car formed the basis for this lawsuit.

A trial was held before the Court, without a jury, on December 23, 1980. Findings of Fact and Conclusions of Law were entered on January 12, 1981 which determined that the defendant was negligent and that his negligence was the proximate cause of the damages sustained by the plaintiffs. Three witnesses testified at the trial. The plaintiff called Stanley Shreve, the insurance adjuster

and Raphael Johnson, the police officer who investigated the accident. The defendant, Joseph Knight, testified in his own behalf.

The only evidence admitted at trial was the deposition of Darnley Petersen, taken on October 24, 1979 (P-1), and a copy of the Proof of Loss (P-2). The plaintiff, Darnley Petersen, was not present and did not testify. However, his deposition was offered and admitted. There was no objection to its introduction at the time of trial and both counsel, either expressly or impliedly, consented to it being admitted. Now defendant seeks to go behind that stipulation by asking for a new trial. Defendant has presented evidence in the form of an affidavit to show that Darnley Petersen was present on St. Croix on the day of trial, and was not unavailable as that term is defined by F.R.C.P. Rule 32(a)(3).

■ The defendant makes a valid but untimely objection to the introduction of the deposition into evidence. Crist v. United States Shipping Administration, 64 F.Supp 934 (E.D. Pa. 1946), is a case in which the court, sitting in its admiralty jurisdiction was presented with a question similar to the one at bar. Respondent contended that libellant did not make out a case because no witnesses were produced and the only evidence presented was three depositions taken by the respondent. In speaking on the effect of the introduction of the depositions, the court said:

> Since at the time the depositions were offered in evidence the respondent interposed no objection, it is *presumed by the Court that at least one of these enumerated conditions existed or that the depositions were offered in evidence by agreement of the parties.*

Id. at 938. (Emphasis added.) Accord, Neckwear Corp. of Puerto Rico v. First Nat'l City Bank of New York, 275 F.2d 296 (1st Cir. 1960) (defendant's failure to properly object to deposition at trial cannot be raised on appeal).

The rule itself provides very clearly what must be done regarding objections to admissability of depositions when it states:

> [O]bjection may be made at the trial or hearing to receiving in evidence any deposition or part thereof for any reason which would require the exclusion of the evidence if the witness were then present and testifying.

F.R.C.P. Rule 32(b). See Reeg v. Shaughnessy, 570 F.2d 309, 316–317 (10th Cir. 1978); cf. Trade Development Bank v. Continental Insurance Company, 469 F.2d 35, 45 (2d Cir. 1972) (objection must be "timely").

■■ It can hardly be said that this objection, made one month after the hearing and couched in terms of a motion for new trial, is timely. If a party fails to object to the admissability of evidence when it is being offered at trial, the objection is waived. The fact that this evidence is in the form of a deposition does not change that basic rule. The objection should have been made at the time of trial. Since it was not, it cannot now be raised. Accordingly, the Motion for New Trial is denied.

## ATTORNEY'S FEES

■ Plaintiff's counsel claims attorney's fees of $790.27 representing a sum equal to one-third of the damages awarded in this case, plus $100.00 for sanctions. This was a relatively simple negligence action which presented no new or novel issues. The deposition, according to its introductory page, was taken on October 24, 1979 and lasted for 45 minutes. The total trial time was approximately three hours, exclusive of any time which plaintiff spent in court on November 19, 1980 when the defendant did not appear. Sanctions in the amount of $100.00 have already been imposed for that delay. The plaintiff claims, however, to have expended 22 hours for this case. I find that figure to be somewhat incredible. In addition to the one hour I will allow for the deposition and the three hours for the trial, I find that two hours is a reasonable time for trial preparation, interviewing witnesses and research. That would result in a total of six hours. By applying the "lodestar" formula of Lindy Bros. Builders of Philadelphia v. American R & S San Corp., 487 F.2d 161, 168 (3d Cir. 1973), the six hours is multiplied by the attorney's normal hourly billing rate, which in this case is $75.00. That produces a figure of $450.00 which I will award for attorney's fees. This figure will not be adjusted upward or downward.

Plaintiff also asks for costs totaling $206.00. I will allow $10.00 for the filing fee, $10.00 for the cost of service of process and $126.00 for the deposition. I disallow the $60.00 claimed for the witness fee. See Tebbs v. Alcoa Steamship Co., 3 V.I. 186, 196, 139 F.Supp. 56, 61 (D.V.I. 1956) aff'd. 3 V.I. 592, 241 F.2d 276 (3d Cir. 1957).

■ Plaintiff's counsel, in his Affidavit, states that he arrived at the figure he requested for attorney's fees by utilizing a straight one-third of the award method. This comes two paragraphs after he states that 22 hours of time billed at $75.00 an hour would produce a figure of $1,650.00.[1] By comparison, $690.00 appears reasonable.

---

[1] Attorney's Affidavit of Costs at ¶¶ 6, 8.

Notwithstanding the facial liberality of 5 V.I.C. § 541 every case has a maximum value. To award attorney's fees here of almost $700.00 would be unrealistic and excessive. The Court is constrained to note that counsel should follow the guidelines set out by the Third Circuit when making requests for attorney's fees. The award is "intended to be an indemnification of the prevailing party for a fair and reasonable portion of his attorney's fees incurred in the prosecution or defense of the action, and not for the whole amount charged by the attorney." Lucerne Investment Co. v. Estate Belvedere, Inc., 7 V.I. 242, 245, 411 F.2d 1205, 1207 (3d Cir. 1969). (Emphasis added.)

I therefore award $450.00 for attorney's fees, $100.00 for sanctions for the November 18, 1980 delay and $146.00 for costs.