**HILTON DURGAH, Plaintiff**

**v.**

**HALVAR MOOLENAAR, Defendant**

Civil No. 1121/1982

Territorial Court of the Virgin Islands

Div. of St. Croix at Kingshill

February 5, 1985

---

Lolita D'Jones, Esq., Christiansted, St. Croix, V.I., *for plaintiff*

Jean–Robert Alfred, Esq., Christiansted, St. Croix, V.I., *for defendant*

SILVERLIGHT, *Judge*

## MEMORANDUM

This matter came on for trial by jury on September 20, 1984. At the close of plaintiff's case-in-chief, defendant moved for and was granted a directed verdict pursuant to Rule 50(a) Fed. R. Civ. P. This Court is now called upon to rule on plaintiff's Motion for Reconsideration or, in the alternative, to Vacate and Set Aside Order and on defendant's Motion for Attorney's Fees. For the reasons set forth below, the Court will deny plaintiff's motion and will grant defendant's motion in part.

## FACTS

Plaintiff, Hilton Durgah (hereinafter "Durgah"), instituted the instant suit wherein he alleged that on October 31, 1982, a large cow owned by, and in the full custody of defendant, Halver Moolenar (hereinafter "Moolenar"), collided with plaintiff's car. The accident, according to Durgah, occurred as a result of defendant's negligence in failing to erect and maintain adequate fencing around the area where his cattle were kept, so as to prevent any animals from escaping.

At the trial, plaintiff's entire case consisted of the testimony of four witnesses. Plaintiff's wife, Shaire Durgah, testified that on the night in question she drove her husband from the hospital to their home; he removed a bandage which had been placed on his eye during his twenty minute stay at the emergency room; and he returned to work the following day.

Plaintiff's second witness, Dr. Suren Mody, testified that in April, 1979, he treated Durgah when a metal object entered plaintiff's cornea. On November 22, 1982, plaintiff consulted Dr. Mody for treatment of pain and discharge from his eyes. At that time, Dr. Mody found no glass particles in plaintiff's eyes, but prescribed eye drops and ointment for treatment of plaintiff's conjunctivitis. Plaintiff subsequently visited Dr. Mody on five other occasions complaining of eye irritation. However, Dr. Mody testified that he could find no physical cause of Durgah's alleged eye problem.

The third witness was plaintiff's immediate supervisor, John

Ridgeway. Ridgeway testified that plaintiff had cuts and bruises on his face the day following the accident and complained of eye irritation on a few occasions.

Finally, plaintiff testified that on October 31, 1982, while on his way to La Reine Shopping Center, an object struck his car, shattering the windshield and puncturing the radiator. Immediately thereafter, he observed a large cow lying on the road approximately twenty-five (25) feet from the point of impact. Plaintiff was then taken to the hospital where his eyes were flushed to remove any foreign particles. Subsequently, his wife drove him home and he later returned to the scene of the accident to retrieve his vehicle. There, upon defendant's inquiry, plaintiff informed Moolenar about the incident.

Plaintiff then testified about various visits to the emergency room (where Dr. Johnston informed him that there was no damage to his eyes); Dr. Mody (who prescribed eye drops and ointment for conjunctivitis but found nothing physically wrong with his eyes); Dr. Alouette (who diagnosed his eyes to be in good condition); and a clinic in Sunny Isle (where his eyes were found to be in a healthy state).

Plaintiff testified further that on prior occasions he had observed cows crossing the road in the general vicinity where the accident occurred. He stated that he assumed that these cows as well as the cow in question, had been able to get on the road because of a broken fence, although he had not actually seen the fence.

## DISCUSSION

At the close of plaintiff's case, this Court granted defendant's Motion for a Directed Verdict pursuant to Rule 50(a) Fed. R. Civ. P. Plaintiff's Motion for Reconsideration or in the alternative, to Set Aside Order, is misplaced. Accordingly, this Court will treat this matter as a Motion for New Trial pursuant to Rule 59 Fed. R. Civ. P.

█ █ In considering a motion for new trial, a trial judge may set aside the verdict for the reason that it is against the clear weight of the evidence. Starlings v. Ski Roundtop Corporation, 493 F. Supp. 507 (D.C.Pa.1980). Authority to grant a new trial is confided almost entirely to the exercise of discretion on the part of the trial Court. Allied Chemical Corporation v. Daiflon, Inc., 449 U.S. 33, 36 (1980).

█ In the instant case, plaintiff's cause of action was premised upon defendant's negligence in failing to erect and maintain fencing

in the area where he kept his livestock. Negligence is never presumed but must be proved, and no presumption of negligence arises from the mere fact that an accident occurred. Whitney v. Brann, 394 F.Supp. 1 (D.C. Del.), aff'd, 530 F.2d 966 (3d Cir.), cert. denied, 96 S.Ct. 2628, 426 U.S. 922, 49 L.Ed.2d 375 (1975). Ridgeway National Bank v. North American Van Lines, Inc., 326 F.2d 934 (3d Cir. 1964). In this instance plaintiff failed to carry its burden of proving by a preponderance of the evidence that defendant was negligent in any fashion.

For instance, as pointed out by defendant, there was no evidence of defendant's ownership of the cow in question. The sole testimony with reference to such ownership was that of Durgah. Yet the extent of his testimony was limited to reciting that defendant inquired as to what occurred on the night in question. At no time did plaintiff testify that defendant acknowledged in any way that he owned the cow in question. Further, while plaintiff testified that he assumed that the fence was broken since the cow was on the highway, that testimony, standing alone, does not prove that the fence was in fact broken. There was no further evidence adduced to even create an inference that the fence was broken. Hence, plaintiff failed to show that there was a causal connection between the cow's presence on the road and any act or omission to act on the part of defendant.

Moreover, all the evidence adduced by plaintiff established a lack of connection between the accident which occurred and the injury alleged to be suffered by plaintiff. When the matter of proximate cause remains one of pure speculation and conjecture, or the probabilities are at best evenly balanced, it is the duty of the court to direct a verdict for the defendant. Haldeman v. Bell Telephone Company of Pennsylvania, 387 F.2d 557 (3d Cir. 1967). The sole medical testimony regarding plaintiff's injuries came from Dr. Suren Mody. Dr. Mody testified that although he had treated plaintiff on six different occasions since the date of the incident, he at no time found any foreign particles in plaintiff's eyes. Furthermore, he testified that he was unable to determine the cause of the irritation complained of by plaintiff.

In addition, plaintiff testified that each doctor whom he had consulted subsequent to the accident (including Dr. Johnston, Dr. Mody, Dr. Alouette and an unnamed doctor in a Sunny Isle clinic) diagnosed his eyes to be in good condition. Furthermore, while plaintiff testified that on occasion he felt a "chooking" sensation in his eyes, he failed to show that the accident was the proximate cause of this alleged condition.

■ Based upon the aforementioned reasons, plaintiff did not sustain a prima facie showing that defendant was negligent and that his negligence was the proximate cause of the alleged injury suffered by plaintiff.

## RES IPSA LOQUITUR

Plaintiff's attempt to inject the doctrine of Res Ipsa Loquitur in the instant case is meritless. As provided by Section 4 of Title 1 of the Virgin Islands Code:

> The rules of the common law, as expressed in the restatements of the law approved by the American Law Institute, and to the extent not so expressed, as generally understood and applied in the United States, shall be the rules of decision in the courts of the Virgin Islands.

Under Section 328D of the Restatement (Second) of Torts, it may be inferred that the harm suffered by the plaintiff is caused by the negligence of the defendant when

> (a) the event is of a kind which ordinarily does not occur in the absence of negligence;
> (b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and
> (c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.

■ ■ In the case at bar, it can be inferred that the presence of a cow on the highway ordinarily does not occur in the absence of someone's negligence. As explained, supra, however, plaintiff has failed to show any negligence on the part of defendant. Further, the second condition set forth in section 328D requiring the elimination of other responsible causes, including the conduct of third persons, has not been satisfied by plaintiff. Indeed, plaintiff failed to show that defendant was the owner of the instrumentality (cow) which allegedly inflicted the damage. Hence, having failed to show ownership or control by defendant, plaintiff could not have eliminated the possibility that a third party may have allowed the animal to escape from the pasture. Nor could plaintiff have established that this particular cow was ever present in the pasture enclosed by the allegedly deficient fence. Accordingly, plaintiff has failed to meet two of the three requirements set forth in Section 328D. It is only when each of the three conditions is satisfied that an inference of negligence can

249

be drawn from the occurrence of an injurious event. Lanza v. Poretti, 537 F.Supp. 777, 787 (E.D.Pa. 1982). No inference of negligence on the part of Moolenar can be drawn from the mere fact that a cow struck plaintiff's car. Accordingly, the common law doctrine of Res Ipsa Loquitur is not applicable to the case at bar.

## ATTORNEY'S FEES

■ 5 V.I.C. § 541 allows the court, in its discretion, to award attorney's fees to the prevailing party. The criteria used to determine attorney's fees are the time and labor required, the novelty and difficulty of the questions involved, the skill requisite to properly conduct the cause, the customary charges of the bar for similar services, the amount involved in the controversy and the contingency or certainty of the compensation. Lucerne Investment Company v. Estate Belvedere, Inc., 411 F.2d 1205 (3d Cir. 1969).[1]

■ This case presented no novel or complex issues. While counsel's affidavit is in compliance with the requirements set forth in Lindy Bros. Builders, Inc. of Phila. v. American Radiator & Standard Sanitary Corp., 487 F.2d 161 (3d Cir. 1973), some of the hours claimed are either excessive or unwarranted and must be disallowed. Moreover, this Court will not reimburse an attorney for time spent in conferring with the insurer of his client.

Accordingly, the Court will disallow the following:

---

[1] Contrary to plaintiff's assertion, the purpose of an award of attorney's fees in this matter is not to penalize "a hard-working man with a family, with substantial means, who is clinging to his job in these uncertain times." (Plaintiff's Objection and Opposition to Award of Costs to Defendant at p. 3). Nor is the purpose "to stifle access to the Courts or the right to obtain redress." Id.

Moreover, the uncontroverted evidence did not support a finding of any criminal violation on the part of defendant. Indeed, to the contrary, the Court found that plaintiff was unable to sustain its burden of any wrongdoing by a preponderance of evidence. Having failed in that regard, plaintiff could not possibly have crossed the threshold requirement of proof beyond a reasonable doubt. In addition, the use of any alleged similar accidents to show that defendant acted in conformity therewith is governed by Rule 404 of the Federal Rules of Evidence and accordingly, would not be admitted in evidence.

Finally, this Court renders decisions based upon a proper application of the law and not because of counsel's "appeal to the Court's conscience." (Plaintiff's Opposition at p. 4).

| Date | Description | Hours |
|------|-------------|-------|
| 1/11/83 | Various telephone calls to client's representatives | .9 |
| 1/12/83 | Letter to insurance company | .6 |
| 1/20/83 | Letter to client's representative | 1.0 |
| 3/11/83 | Telephone conference with and letter to adjuster regarding discovery and status | 1.0 |
| 7/10/84 | Stipulation for continuance | .5 |
| 7/11/84 | Telephone conference with plaintiff's attorney and Judge Silverlight regarding continuance | .6 |
| 8/11/84 | Review of file in preparation of depositions and attendance at same[2] | 3.5 |
| 9/11/84 | Telephone conference with adjuster regarding photographs and status report | .3 |
| 9/18/84 | Trial preparation[3] | 1.5 |
| 9/20/84 | Report to insurance company regarding trial | 4.65 |
| | TOTAL | 14.55 |

 ██ Since this case was not complex and 5 V.I.C. § 541 is intended to be an indemnification of the prevailing party for a fair and reasonable portion of his attorney's fees and not for the whole amount charged by the attorney, counsel will be awarded $1,985.62 in attorney's fees.[4] Lucerne, supra, at 1207. Additionally, the Court will award costs totalling $372.00. However, witness fees for Dr. Mody and Dr. Daniel Johnston will be disallowed since no evidence of the reasonableness of the charges made by these experts has been presented to the Court. Quetel v. Querrard, 6 V.I. 214 (D.C.V.I. 1968), citing, Tebbs v. Alcoa Steamship, Co., 139 F. Supp. 56, 3 V.I. 186 (D.C.V.I.), aff'd, 241 F.2d 276 (3d Cir. 1956).

## CONCLUSION

Based upon the foregoing reasons, plaintiff's Motion for Reconsideration or in the alternative, to Vacate and Set Aside Order is denied. Defendant will be awarded attorney's fees and costs total-

---

[2] Implicit in 3.1 hours charged on 6/8/84 for drafting of responses to request for production, letter to plaintiff's counsel, supplementary interrogatories, response to request for admissions and status report, is a review of counsel's files.

[3] This constitutes doubling of trial preparation time since counsel was allowed 3.8 hours on 9/19/84 for this purpose.

[4] This represents one-half of the total allowable hours (52.95) multiplied by counsel's hourly rate of $75.00.

ling Two Thousand Three Hundred Fifty Seven Dollars and Sixty-Two Cents ($2,357.62) on his Motion for award of same.

## ORDER

For the reasons set forth in the Memorandum Opinion filed on even date herewith, it is

ORDERED, ADJUDGED AND DECREED that defendant be and is hereby awarded costs in the sum of $372.00 and attorney's fees in the sum of $1,985.62, as the prevailing party, for a total amount of $2,357.62; and it is further

ORDERED that plaintiff's Motion for Reconsideration or, in the Alternative, to Vacate and Set Aside Order is DENIED.