

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-2-2006

# In Re: Orpah Barbel

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4596

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"In Re: Orpah Barbel " (2006). *2006 Decisions.* Paper 970.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/970

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-4596
_____

IN RE: ORPAH BARBEL,

Debtor

ORPAH BARBEL,

Appellant

v.

THE CHASE MANHATTAN BANK;
CHASE AGENCY SERVICES, INC.

_____

Appeal from the District Court of the Virgin Islands
Division of St. Thomas
No. 02-cv-0051
Chief District Judge: Honorable Raymond L. Finch
_____

Submitted under Third Circuit LAR 34.1(a)
May 8, 2006

BEFORE: FISHER, COWEN and ROTH*, <u>Circuit Judges</u>

(Opinion Filed: June 2, 2006)

_____

O P I N I O N

_____

_____
*Effective May 31, 2006, Judge Roth assumed senior status.

**ROTH**, <u>Circuit Judge</u>:

This is an appeal from the District Court's order, affirming the Bankruptcy Court's granting of summary judgment and fees to Chase Manhattan Bank and Chase Agency Services. For the reasons stated below, we will affirm the order of the District Court.

## I.     Factual Background and Procedural History

As the facts are well known to the parties, we give only a brief description of the issues and procedural posture of the case.

Orpah Barbel entered into a mortgage agreement in the amount of $376,000 with Chase Manhattan Bank, succeeded now in interest by FirstBank Puerto Rico. The note was secured by two pieces of real property owned by Barbel: Parcel No. 19F Estate Solberg and Parcel No. 23 Crystal Gade, both located in St. Thomas in the U.S. Virgin Islands. Chase commenced foreclosure proceedings on Barbel's property in the Territorial Court of the Virgin Islands in November of 1997. On February 5, 1999, Chase was granted summary judgment. Before the Marshal's sale of the property could be conducted, Barbel filed a voluntary Chapter 13 bankruptcy petition on March 22, 1999. Pursuant to § 362 of the Bankruptcy Code, 11 U.S.C. § 362, an automatic stay was entered as to the real property securing the note.

In the midst of the Chapter 13 proceedings, on September 6, 2000, Barbel filed a complaint against Chase Manhattan Bank and Chase Agency Services (collectively "Chase"), stemming from the insurance Chase Manhattan Bank had procured as holder of

the mortgage on Barbel's real property.[1]  Pursuant to the mortgage, Barbel was required to maintain hazard insurance on the two properties.  If Barbel failed to maintain the insurance, Chase could obtain coverage to protect its interests in the properties.  Following Barbel's defaults, and her failure to procure coverage, Chase took out a forced placed insurance policy on both properties with two providers.  Barbel was named as an additional insured party on the contract.

On September 20, 1998, Hurricane Georges damaged the two properties.  This damage gave birth to the present dispute.  Shortly after the hurricane, Barbel notified Chase of the damage and submitted an estimate for the cost of repairs to 19F Solberg in the amount of $172,500.[2]  The insurance adjusters, however, estimated the loss to both properties at only $47,562.

The insurance adjusters attempted to re-inspect the properties to address the discrepancies between the two estimates.  Barbel refused to allow the inspectors access because she alleges that the adjusters were prejudiced against her and could not accurately quantify the damages because she had already made repairs.  Also of note, Barbel, on two separate occasions, declined to submit a sworn statement of loss when requested by the adjusters.

Barbel's subsequent complaint against Chase stemming from the insurance

---

[1] The insurance was purchased through Chase Agency Services, which is a sister company of Chase Manhattan Bank.

[2] Apparently, Barbel did not submit an estimate for 23 Crystal Gade.

contract is described by the Bankruptcy Court as "somewhat amorphic and difficult to hold in place." Barbel claims negligence, breach of contract, and bad faith against Chase due to what can best be described as the company's failure to advise Barbel as to how to deal with the insurance company. Put another way, Barbel alleges that Chase had a duty to protect her from the numerous errors she made in dealing with the adjusters. The crux of this argument is Barbel's assertion that she was an intended beneficiary of the contracts between Chase and the insurance companies and, as such, was owed a duty of care by Chase.

On July 20, 2001, Chase filed a motion for summary judgment. On October 24, 2001, the Bankruptcy Court entered summary judgment against Barbel. On November 7, 2001, the Bankruptcy Court granted Chase's motion for sanctions against Barbel's counsel. On March 8, 2002, the Bankruptcy Court awarded Chase attorneys' fees and other costs in the amount of $45,157 and $1,864 respectfully. The sanctions order was resolved by submission of a stipulated order and is not before this Court. Barbel appeals the order of costs and fees as well as the underlying decision.

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction over the appeal from the Bankruptcy Court's final judgment pursuant to 28 U.S.C. § 158(a). We have jurisdiction under 28 U.S.C. § 158(d). Our standard of review is the same as that exercised by the District Court over decisions of the Bankruptcy Court. *In re: Schick*, 418 F.3d 321, 323 (3d Cir. 2005). Accordingly, we review findings of fact for clear error and exercise plenary review over

4

questions of law.  *Id.*

The standard of review of a grant of summary judgment is plenary.  *Gottshall v. Consol. Rail Corp.*, 56 F.3d 530, 533 (3d Cir. 1995).  Summary judgment is only appropriate if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); BANKR. R. 7056 (Rule 56 applies in adversary proceedings in bankruptcy).  In reviewing the District Court's grant of summary judgment, we must view the facts in a light most favorable to the nonmoving party.  *Gottshall*, 56 F.3d at 533.  Finally, we review the imposition of attorneys' fees and costs pursuant to V.I. Code Ann. tit. 5, § 541 for an abuse of discretion.  *Lucerne Inv. Co. v. Estate Belvedere, Inc.*, 411 F.2d 1205, 1207 (3d Cir. 1969).[3]

## III.    Discussion

Barbel's numerous claims against Chase arising from the forced placed insurance were eventually distilled into three causes of action: negligence, breach of contract, and breach of good faith and fair dealing.  The Bankruptcy Court correctly dismissed all three.

To state a claim of negligence, the complaining party must allege:  duty, breach, causation and damages.  Restatement (Second) of Torts, 281 (1965).  As the Bankruptcy

---

[3] Chase questions the propriety of this Court's exercise of appellate jurisdiction as to the insurance contract dispute given the dismissal of the underlying bankruptcy proceeding.  Chase's authority, *In re: Smith*, 866 F.2d 576, 580 (3d Cir. 1989), is, however, inapplicable.  *In re: Smith* concerned the propriety of the Bankruptcy Court maintaining original jurisdiction over a related proceeding following the dismissal of the bankruptcy case.  *Id.* at 580.  The case did not discuss this Court's appellate jurisdiction over final decisions, as is the case here.

Court noted, Barbel failed to proffer an applicable duty which was owed by Chase to Barbel vis-à-vis the insurance contracts – much less a duty that was breached. The relevant duties owed between mortgagor and mortgagee with regard to insurance of property underlying a note are as follows:

> A mortgagee who has agreed to insure the mortgaged premises must act in good faith and use reasonable care, since it is the mortgagee's duty to see that insurance is validly placed, although the mortgagee cannot be regarded as a guarantor of the solvency of the insurer.
>
> Likewise even when the mortgagee is not under a duty to effect insurance, but merely has an option to do so, an election to exercise such option obligates it to look after the interests of the mortgagor as well as its own. When the mortgagee fails, through error, to obtain a policy protecting the known mortgagors, such a mistake is one that may be corrected by reformation of the policy.

4 Couch. on Ins. § 65:7 (3d ed.). The second paragraph is relevant here. Chase had the option to protect its interest in the mortgaged property by obtaining insurance coverage if Barbel failed to do so. Here, and unlike the cases Babel cites in her complaint, the insurance was validly placed by Chase. Put another way, this would be a much different case if Chase had not procured insurance, and Barbel had relied on Chase to her detriment. Since that is not this case, Barbel has failed to allege an applicable duty.

Assuming a duty exists beyond obtaining the insurance coverage, Barbel has failed to allege a breach. Barbel, not Chase, refused to allow the adjusters access to the property. Likewise, Barbel was the one who twice refused to submit a sworn statement of loss. Barbel's own statements illustrate the tenuous nature of the alleged breach by Chase; at deposition, Barbel summarized Chase's breach as the failure to urge Barbel to act. Chase,

6

however, had no duty to so urge her. The claim for negligence fails as a matter of law.

Regarding breach of contract and of good faith, the contract at issue was between Chase and the insurance providers, with Barbel as an additional insured. As such, there is no contractual relationship, other than mortgagor-mortgagee, between Chase and Barbel that would justify relief. Even assuming such a relationship existed, the record does not illustrate a breach by Chase; again, Barbel was responsible for the delays in procuring the insurance payout. As a result, Barbel's claims necessarily fail as a matter of law.

V.I. Code Ann. tit. 5, § 541 allows for costs, including attorneys' fees, to be awarded to the prevailing party in civil suits involving territorial, as opposed to federal, claims. The Bankruptcy Court did not abuse its discretion in awarding costs. The award properly excluded, *sua sponte*, appellate costs and computerized research as is dictated by the law of this Circuit.

Barbel characterizes the award as a sanction and argues that it is not justified pursuant to FED. R. CIV. P. 11(c). This statement ignores the fact that the Virgin Islands follows the English rule of cost-shifting in civil cases, and, therefore, the need to justify cost-shifting as a sanction is non-existent. Thus, the Bankruptcy Court did not abuse its discretion.

## IV. Conclusion

As Barbel failed to establish a cause of action against Chase, we agree with the District Court's conclusions and will affirm the District Court's order upholding the order of the Bankruptcy Court that dismissed Barbel's complaint and awarded costs to Chase.