IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**
January 25, 2021
ST-2013-CV-00525
TAMARA CHARLES
CLERK OF THE COURT

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| GERALD ROY, ROY'S CONSTRUCTION, INC., ROY'S DEVELOPMENT, LLC, and 17-31 FRENCHMAN'S BAY, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS POLEON (a/k/a THOMAS LIMA), PARCEL 17-31 ESTATE FRENCHMAN'S BAY, NO. 4 FRENCHMAN'S BAY QUARTER ST. THOMAS USVI, and NURANJALI, LLC, <br><br> Defendants. | Case No. ST-2013-CV-00525 <br><br> ACTION FOR BREACH OF CONTRACT, FRAUD, UNJUST ENRICHMENT, QUANTUM MERUIT, PROMISSORY ESTOPPEL, CONVERSION, BREACH OF FIDUCIARY DUTY, DECLARATORY JUDGMENT, QUIET TITLE, ACCOUNTING, AND DISSOLUTION |

2021 VI Super 7U

### MEMORANDUM OPINION

¶1    **THIS MATTER** before the Court is Memorandum of Costs,[1] filed by Defendant Nuranjali, LLC ("Nuranjali"). Plaintiffs' Response to Defendant Nuranjali's Memorandum of Costs ("response to memorandum of costs") was filed by Plaintiffs Gerald Roy, Roy's Construction, Inc., Roy's Development, LLC and 17-31 Frenchman's Bay, LLC ("Roy").[2]

¶2    Nuranjali originally filed its memorandum of costs on December 20, 2016. *See Roy v. Poleon*, Case No. ST-13-CV-525, 2018 V.I. LEXIS 136, at *1 (V.I. Super. Ct.

---

[1] This memorandum of costs was filed June 14, 2019.
[2] The response to memorandum of costs was filed June 25, 2019.

Dec. 14, 2018) (unpublished). On October 23, 2017, the Court directed Roy to file a response to the memorandum by November 30, 2017, but Roy did not do so. *See id.* at *1-2. The Court filed an opinion granting Nuranjali's attorney's fees and costs, with a few deductions, on December 17, 2018.[3] *See id.* at *9. Afterwards, Roy advised the Court that he was never served with the memorandum of costs and moved the Court to vacate the judgment, which it did.

¶3    Nuranjali refiled the memorandum of costs on June 14, 2019, and Roy filed a response.

¶4    In the response, Roy argues "that this Court's analysis in the December 2018 memorandum opinion correctly identifies improper billing entries" in Nuranjali's memorandum of costs. Roy contends that Nuranjali refiled "an identical" memorandum on June 14, 2019, and therefore, the Court's analysis applies here, too.

¶5    "Above and beyond the thorough analysis already provided by this Court, [Roy] seek[s] a downward departure from the amount of allowable costs and fees." Roy argues that he seeks this departure "based upon the long-held position of Virgin Islands law that 'the policy behind [title 5, § 541 of the Virgin Islands Code] is not necessarily one of total indemnification, but only to award a prevailing party a fair and reasonable portion of . . . attorney's fees." *See Bevans v. Triumpho*, 17 V.I. 144, 148 (V.I. Super. Ct. 1980) (citing *Lucerne Inv. Co. v. Estate Belvedere, Inc.*, 411 F.2d 1205, 1207 (3d Cir. 1969); and *Vitex Mfg. Co. v. Wheatley*, 70 F.R.D. 588, 591 (D.V.I.

---

[3] The opinion was entered on December 17, 2018.

1976)). Roy argues that "one of the factors taken into consideration concerns the complexity of the issues presented." *See Trailer Marine Transp. Corp. v. Charley's Trucking*, 20 V.I. 286, 289 (V.I. Super. Ct. 1984). Roy contends that "[Nuranjali]'s claims . . . were not novel and complex and based upon the policy behind the fees and costs statute, [argues] that a complete indemnification of the possible reimbursable fees and costs is outside the intention of the statute."

¶6     In *Hansen v. Bryan*, 68 V.I. 603, 617 (V.I. 2018), the Supreme Court of the Virgin Islands explains that "[it] has held . . . the Superior Court [of the Virgin Islands] should exercise its discretion by considering factors including, but not necessarily limited to, the prevailing market rates for attorneys in the Virgin Islands and the difficulty of the issues of [sic] involved." *Hansen*, 68 V.I. at 617 (citing *Mahabir v. Heirs of George*, 63 V.I. 651, 668 (V.I. 2015)). However, the V.I. Supreme Court also notes that, "[i]mportantly, nothing in [5 V.I.C. § 541] purports to mandate that the Superior Court is precluded from granting the full amount of attorney's fees and costs requested." *See id.* Additionally, the V.I. Supreme Court states that, "while [it] has recognized that reductions may be necessary and appropriate in most cases, it has also recognized that sometimes a prevailing party may be entitled to recover the full amount requested." *See id.* (citing *Kalloo v. Estate of Small*, 62 V.I. 571, 584 n.11 (V.I. 2015)). The V.I. Supreme Court concludes the following:

> [Plaintiff] has not challenged the hourly rate charged by [defendant]'s counsel in the . . . appeal. Nor has she argued that any particular billing entry should have been disallowed. Rather, [the plaintiff] simply maintains that "[t]he Superior Court erred by not reducing the fee

award to a small portion of what was requested by [the defendant]."
Because neither Rule 30 nor section 541 mandates that an otherwise
reasonable request for costs and fees be arbitrarily reduced in such a
manner, we reject Hansen's argument that the Superior Court abused
its discretion by awarding virtually all of the costs and fees [defendant]
requested.

*See id.*

¶7     Even though Roy did not respond to Nuranjali's original memorandum of costs,

the Court still conducted a thorough analysis of the memorandum. *See Kalloo*, 62 V.I.

at 584 n.11 (citing *James v. Faust*, 62 V.I. 554, 559 (V.I. 2015); and *Rieara v. People*,

57 V.I. 659, 668 (V.I. 2012)) ("Although the magistrate – like any trial judge – has

discretion in determining reasonable attorney's fees and costs, we note that

'meaningful review ... is not possible where the trial court fails to sufficiently explain

its reasoning'"); *Roy*, 2018 V.I. LEXIS 136, at *4-9. In its opinion, the Court laid out

5 V.I.C. § 541 and factors that should be considered when "evaluat[ing] the

reasonableness of the fee amount requested," including "the time and labor required,

the novelty and difficulty of the questions involved, and the skill requisite to perform

the legal service properly." *See Roy*, 2018 V.I. LEXIS 136, at *2-3 (citing 5 V.I.C. §

541; and *Thomas v. V.I. Bd. of Land Use Appeals*, Case No. ST-09-CV-202, 2018 V.I.

LEXIS 78, at *5 (V.I. Super. Ct. Aug. 8, 2018) (unpublished)).

Additionally, the Court stated the following rule:

When granting fees and costs, "a court should do so with an eye
toward making any award a fair and reasonable portion of those
attorney's fees it finds were reasonably incurred." "The starting point
for determining a fair amount of attorney's fee to award is the 'lodestar',
the reasonable number of hours worked multiplied by the prevailing

hourly rate in the community for similar work." . . . . Any final award of attorney's fees, "should represent a fair and *reasonable* portion of the attorney's fees incurred ... and need not necessarily be the whole amount charged by the attorney."

*See id.* at *3-4 (citing *Thomas*, 2018 V.I. LEXIS 78, at *4-6).

¶8     The Court removed attorney's fees that it found to be duplicative. *See id.* at *5-6. Moreover, the Court did not find "caselaw from a Virgin Islands court supporting the inclusion of paralegal fees in attorneys' fees, and thus [thought] they should not be included." *Id.* at *7. The Court found that "not including [the paralegal fees] . . . will still produce an award that represents a fair and reasonable portion of the fees incurred by Counsel."[4] *Id.* at *7-8. The Court also found "that the rates charged by Counsel are in line with prevailing rates in the Virgin Islands," and therefore, accepted the rates charges. *Id.* at *8. Additionally, the Court removed costs it found were not permitted under 5 V.I.C. § 541. *See id.* at *9. Most importantly, the Court found that "the records reflect reasonable hours billed for services offered, and the total number of hours billed does not appear excessive or unreasonable given the length of time Counsel represented Nuranjali (over three years) and the success Nuranjali obtained (summary judgment on all counts against it)." *See id.* at *6-7.

¶9     Roy offers no convincing argument, and the Court finds no reason, to deviate from the attorney's fees and costs granted in the December 17, 2018 opinion. *See id.*

---

[4] The Court found that, "even if the V.I. Supreme Court later concludes that paralegal or non-attorney fees can or should be included in attorney's fees, whether and what amount of fees to award is influenced by the Court's discretion; the Court in any event deems the total award of attorney's fees after excluding paralegal fees to be an appropriate and reasonable portion of the total fees incurred by Counsel." *Roy*, 2018 V.I. LEXIS 136, at *8 n.4.

at *9-10. Therefore, the Court will reaffirm the original award of attorney's fees and

costs of $18,768.46. *See id.* at *10.

An Order consistent with this Memorandum Opinion will be entered

contemporaneously.


DATED: January 25, 2021                                    _____
                                                            **Kathleen Mackay**
                                                            Judge of the Superior Court
                                                            of the Virgin Islands


**ATTEST:**
**TAMARA CHARLES**
Clerk of the Court

BY: _____
    **DONNA D. DONOVAN**
    Court Clerk Supervisor _____ 25/2021