**TRAILER MARINE TRANSPORTATION CORPORATION a/k/a INTERISLAND INTERMODAL LINES, INC., Plaintiff**

v.

**CHARLEY'S TRUCKING, INC. and REYNALD CHARLES d/b/a CHARLEY'S TRUCKING SERVICES, Defendants and Third-Party Plaintiffs**

v.

**BAGWELL COATINGS OF THE CARIBBEAN, INC., DELIVER IT WAREHOUSING, INC., F. W. WOOLWORTH CO. and MERIDAN ENGINEERING, INC., Third-Party Defendants**

Civil No. 1225-1981

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

March 15, 1984

<!-- redacted bars -->

GEORGE H. T. DUDLEY, ESQ. (DUDLEY, DUDLEY & TOPPER), St. Thomas, V.I., *for plaintiff*

BRENDA J. HOLLAR, ESQ., St. Thomas, V.I., *for defendant*

HODGE, *Presiding Judge*

## MEMORANDUM RE ATTORNEYS' FEES

This memorandum explains that portion of the court's Judgment of even date awarding attorney's fees in the sum of $3,451.50 to defendant, despite the defendant's claim for attorney's fees in the sum of $4,621.50, and the plaintiff's claim for attorney's fees in the sum of $2,312.50.

In Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), the Supreme Court reaffirmed the "American Rule" that each party in a lawsuit ordinarily shall bear its own attorney's fees unless there is express statutory authorization to the contrary. In the Virgin Islands such expressed statutory authorization is contained in 5 V.I.C. § 541(b) which provides, among other things, that ". . . there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defense thereto." The determination of both the "prevailing party" and the amount of the fee to be awarded must be based upon the facts of each case and must be consistent with the criteria set forth in Lindy Bros. Bldrs. Inc. of Phila. v. American R. & D. San Corp., 487 F.2d 161 (3d Cir. 1973) and Hensley v. Eckerhart, 103 S.Ct. 1933 (1983).

In the circumstances of this case, although plaintiff was successful on an undisputed issue of its complaint it was unsuccessful on its major issue, while the defendant succeeded on the significant count in its counterclaim despite its pretrial dismissal of the other count. The loss by plaintiff and the success by defendant on the most significant issue in litigation i.e. the validity of an adhesion contract drafted by plaintiff, satisfy the court that defendant is the "prevailing party." As stated in Hensley, supra, "plaintiffs may be considered "prevailing parties" for attorney's fees purposes if they succeeded on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit," citing Nadeau v. Helgemoe, 581 F.2d 275, 278–279 (1 Cir. 1978). On the date of hear-

ing, this court also dictated into the record at the conclusion of the trial its determination that the defendant is the "prevailing party" for attorney's fees purposes.

■ Having made this threshold finding, it must now be determined what fee is reasonable. In making this decision, the court must determine what hours were reasonably expended by the defendant's attorney at a reasonable hourly rate which would constitute the "lodestar" amount. This amount is then adjusted upwards or downwards based on more subjective factors such as the quantity of the attorney's work, the complexity of the issues presented, the contingent nature of success, as well as the other factors listed in the American Bar Association Code of Professional Responsibility, Disciplinary Rule 2-106, and cited in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5 Cir. 1974).

■■ Perhaps the most important factor in multi-issue cases is the degree of success obtained by the prevailing party. This is a crucial consideration because where the prevailing party has failed on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee, but where a lawsuit consists of related claims, a prevailing party who has won substantial relief should not have his attorney's fees reduced simply because the court did not adopt each contention raised. However, where the prevailing party achieved only limited success, the court should award only that amount of fees that is reasonable in relation to the results obtained. See, Hensley v. Eckerhart, supra.

■ In this case, the court does not consider Count II of defendant's counterclaim to be unrelated to its successful claim in Count I. Nevertheless, in view of the defendant's voluntary dismissal of Count II the hours spent on that claim, where identifiable, should be excluded in determining a reasonable fee. Similarly, the plaintiff's claim for attorney's fees for responding to Count II of defendant's counterclaim must be denied since I have determined that Count II was a claim reasonably related to the other issues in the case and was taken into consideration in determining that the defendant is the "prevailing party."[1] The court rejects plaintiff's contention that

---

[1] As stated in Hensley, a party responding to an original claim may recover an attorney's fee award only where the claim was vexacious, frivolous, or brought to harass or embarrass the other party. Hensley v. Eckerhart, 103 S.Ct. 1933, 1937, fn 2. Such was not the case here, but see 5 V.I.C. § 541(b), which gives the court the discretion to award attorney's fees not only in maintaining an action but also in defending an action.

Count II of the counterclaim was meritless and was filed for the sole purpose of providing defendant with settlement leverage. It is obvious that the issues in this case, including Count II, involve a common core of facts and circumstances arising from the business relationship of the parties in which the plaintiff held and utilized its overwhelming advantage over the defendant.

■■ Since the amount of recovery sought by the defendant in Count II of its counterclaim was $190,000.00 while the recovery sought in Count I was only $6,336.50, it is clear that the defendant has achieved only limited success and that therefore the court will award only that amount of fees that is reasonable in relation to its recovery. Thus, although the defendant did not prevail on Count II, plaintiff's claim for attorney's fees in defending that count must be denied, where, as here, the claims are related and defendant obtained the significant relief he sought by prevailing against the plaintiff's major contention and succeeding in Count I of the counterclaim. See, Abraham v. Township of Bristol, 728 F.2d 167 (3d Cir. 1984). Defendant's attorney claims a total of 51.35 hours at $90.00 per hour for a total of $4,621.50. Applying the criteria given in Lindy Bros., supra, and the elimination of hours expended with respect to Count II, which totals 13 hours, the court finds that the number of hours properly chargeable are 38.35. This reduced number of hours times $90.00 per hour amounts to $3,451.50 which the court finds to be the "lodestar" amount. Taking further consideration of the issues presented, the amount of recovery, the lack of merit to plaintiff's primary claim, and the absence of novel issues, the court is satisfied that the "lodestar" amount should not be increased or decreased. Moreover, since the amount of attorney's fees to be awarded to the "prevailing party" is intended to be an indemnification for a fair and reasonable portion of his attorney's fees and not for the whole amount charged by the attorney, Lucerne Investment Co. v. Estate Belvedere, Inc., 411 F.2d 1205, 1207 (3d Cir. 1969), denial of full recovery by defendant of $4,621.50 is appropriate.

Accordingly, the court will award the sum of $3,451.50 to defendant as a contribution toward its attorney's fees, payable by plaintiff.