# TOMAS MELENDEZ, JR. and LUZ MELENDEZ, Petitioners

## v.

## NITZA RIVERA, Respondent

Family No. 10/1988

Territorial Court of the Virgin Islands

Div. of St. Croix

October 28, 1988

ALICIA SUAREZ, ESQ., St. Croix, V.I., *for petitioners*

NORMAN P. JONES, ESQ., (HUNTER, COLIANNI, COLE & TURNER), St. Croix, V.I., *for respondent*

R. Eric Moore, Esq., St. Croix, V.I., *for the children*

ELTMAN, *Judge*

## MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION

Following the settlement of this custody action, the respondent moved for attorney's fees, pursuant to 5 V.I.C. § 541(b)(1)[1]. The petitioners argue that there is no prevailing party by virtue of the settlement, though they too seek attorney's fees in the alternative. Under the circumstances of this case, attorney's fees are not precluded by the agreement of the parties or the custody issue, and an award will be made to the respondent.

## FACTS

Pursuant to an October 22, 1980, divorce decree, the respondent, Nitza Rivera, was awarded legal and physical custody of the two minor children born of her marriage to Tomas Melendez. In the present action, the petitioners, Tomas Melendez and his mother, Luz Melendez, sought to have the children placed with Luz Melendez on the grounds that the mother was unfit and that the children were in imminent danger while living with her.

On June 22, 1988, the parties appeared and expressed their desire to reach a settlement. An in-chambers conference was conducted during which the terms of the agreement were negotiated, and the settlement agreement subsequently was read into the record. It was stipulated that the mother will retain legal and physical custody of both children, but that the father will have physical custody of the children during June, July and August. It also was agreed that the father will have overnight visitation with the children on the first and third weekends during the months when the respondent has custody of the children. The mother will have similar overnight visitation with the children on the first and third weekends of the summer months when the father has custody of the children. In addition, it was agreed that the children will celebrate holidays and their birthdays alternately with each parent. The parties also agreed to reciprocal orders restraining either parent from remov-

---

[1] Title 5 V.I.C. § 541(b) provides, inter alia, that:
    ... there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix, by way of indemnity for his attorney's fees in maintaining the action or defenses thereto....

ing the children from the jurisdiction absent court order or written consent from the other parent.

The respondent now seeks reimbursement for attorney's fees incurred in preparation for litigation.[2] In response, the petitioners assert that such an award is both inappropriate and contrary to 5 V.I.C. § 541(b), since the action was resolved through a stipulated settlement agreement rather than through litigated judgment.

■ While as a rule the prevailing party is considered to be the one in whose favor a decision or verdict is rendered and a judgment is entered, Ingvoldstad v. Kings Wharf Enterprises, Inc., 20 V.I. 314 (D.C.V.I.), aff'd. 734 F.2d 5 (3d Cir. 1983), the term may be construed more broadly. The test is whether a party has achieved at least some of the benefits which were sought in the litigation, even if a judgment is not finally obtained. Id. at 317. In an unpublished opinion, the District court has specifically held that, where a case is resolved by stipulation, one party can still be a prevailing party within the meaning of § 541(b):

> [I]nterpreting the term "prevailing party" so as to encompass a successful party in a settlement would be consistent with the generally-favored policy of the law to encourage settlement of litigation. Furthermore, since the operative criteria for an award of attorney's fees is success at the conclusion of proceedings, rather than the means by which success is achieved, a prevailing party in a settlement is equally deserving of an award.

Brown v. Moran, 1979 St. Thomas Supp. 309 (Dist. Ct. 7/23/79) (citations omitted).

An analogous statute, the Civil Rights Attorney's Fee Awards Act, 42 U.S.C. § 1988, has been construed and others to permit counsel fees where a litigant succeeds even without a full evidentiary hearing, or where litigation is concluded by a consent decree. N.A.A.C.P. v. Wilmington Medical Center, Inc., 689 F.2d 1161, 1167 (3d Cir. 1982). A party need not win on all issues to be entitled to an award. Id.; Sullivan v. Commonwealth of Pennsylvania Dept. of Labor, 663 F.2d 443 (3d Cir. 1981); Parham v. Southwestern Bell Telephone Co., 433 F.2d 421 (8th Cir. 1980).

■ Both sides claim to have prevailed, but, objectively, it is the respondent who was more successful. By virtue of the 1980 divorce

---

[2] This issue was discussed but not resolved at the time of settlement.

decree, she already had legal and physical custody of the children. The petitioners sought by this action to change the custodian of the children, but they did not achieve that result. While the divorce decree has to some extent been modified by the resolution here, essentially the divorce decree remains the same: legal custody in the mother, with the father having visitation rights. To be sure, the agreement has resulted in very frequent contact between the children and their father and grandmother, including physical custody to them during summer vacations and on alternate holidays. However, since the divorce decree did not detail the extent of visitations, this agreement may be considered as an elaboration of visitation rights. Even if the father has achieved substantially expanded visitation rights, he has not succeeded in disturbing the mother's legal custody of the children. Moreover, having made vivid allegations of unfitness against the mother, the petitioners abandoned those claims by the settlement.

The respondent's counterclaim for alimony, also dismissed as part of the settlement, and the reciprocal orders against both sides not to remove the children from the jurisdiction, are secondary or collateral matters. The crux of this case, again, is the issue of child custody, on which the respondent has prevailed.

■■ What remains is to determine the amount of attorney's fees which properly should be awarded to the respondent. She seeks reimbursement for fees and costs totalling $6,020.50. Attorney's fees are not intended as full reimbursement to a prevailing party, and a court has considerable latitude in this regard. Lucerne Investment Co. v. Estate Belvedere, Inc., 411 F.2d 1205, 1207 (3d Cir. 1969). The criteria for an award are the time and labor required, the uniqueness of the questions involved, the legal skill demanded, the customary charges for such services, the amount involved in the dispute, the benefits resulting to the client, and the contingency or certainty of payment. Trailer Marine Trans. Corp. v. Charley's Trucking, Inc., 20 V.I. 286 (Terr. Ct. St. T. and St. J., 1984).

Counsel appeared to have been fully prepared for a lengthy trial on the date when the case was settled. A child custody dispute always involves difficult and often unique questions, and particularly so in this case, both on the facts and the law. The amount involved is as immeasurable as are the benefits to the respondent. The number of hours expended do not appear excessive under the

circumstances, and the customary charges in this community exceed those billed by counsel in this case.

■ A persuasive argument can be made for making either a substantial or a minimal award. In support of the former, the issues arguably had been previously litigated, and this case might well have been filed as a harassment of the mother. On the other hand, litigation affecting the possible welfare of children should not be chilled by the prospect of a large attorney's fees assessment against an unsuccessful litigant. Although the prevailing party can readily be identified, for the reasons discussed above, it is also true that the lack of an evidentiary record prevents as reliable an evaluation of some of the attorney's fees criteria as would otherwise be available. Under the circumstances, the attorney's fees award in favor of the respondent will be fixed at $1,500.00, plus costs of $164.00, the latter representing expenses for service of process and long-distance telephone calls, but not for photocopying.

### ORDER

In accordance with the memorandum opinion of even date, it is hereby

ORDERED that the respondent is awarded counsel fees of $1,500.00, plus costs of $164.00.