**EL FENIX DE PUERTO RICO, INC., Appellant**

**v.**

**FRED DALLAS, Appellee**

Civil No. 1993-0022

District Court of the Virgin Islands

Appellate Division of St. Croix

September 9, 1994

WILFREDO A. GEIGEL, ESQ., Gallows Bay, St. Croix, V.I., *for Appellant*

TREGENZA A. ROACH, ESQ., (BORNN BORNN HANDY AND RASHID), St. Thomas, V.I., *for Appellee*

MOORE, *Chief Judge*, District Court of the Virgin Islands; KAUFMAN, *Judge*, United States District Court, Sitting by Designation; and SWAN, *Judge*, Territorial Court of the Virgin Islands, St. Thomas and St. John, Sitting by Designation.

On Appeal from the
Territorial Court of the Virgin Islands

## OPINION OF THE COURT

## I. BACKGROUND

This appeal arises from an action for debt which was brought in the Territorial Court, O'Neale's Transport, Inc. v. Caribbean Restaurant, Inc., Burger King and Fred Dallas, No. 945-1990 (Terr. Ct.) (Div. of St. Croix). O'Neale's Transport, Inc. ("O'Neale's") initiated this action after a vehicle leased by West Indian Burgers, Inc. from O'Neale's was involved in an accident. At the time of the accident, Caribbean Restaurant, Inc., the parent company of West Indian Burgers, Inc., held a business auto insurance policy with El Fenix de Puerto Rico, Inc. ("El Fenix"). El Fenix retained Crown Caribbean, Ltd. to adjust the loss. However, O'Neale's filed this lawsuit before a settlement could be reached.

The trial court entered default judgment in O'Neale's favor in the sum of $38,600 on October 30, 1991. In December 1991, defendants Caribbean Restaurant, Inc., Burger King, and Fred Dallas initiated a third-party action against El Fenix and its agents for failure to defend. The parties stipulated to a stay of the third-party action to allow El Fenix to move to set aside the default judgment. On February 14, 1992, the court set aside the judgment against Caribbean Restaurant, Inc. and Burger King, but not Fred Dallas. The third-party action proceeded to trial on July 29, 1992. On August 13, 1993, the court entered judgment in the amount of $39,655, plus interest, attorney's fees and costs in favor of Fred Dallas.[1] The court

---

[1] Action Adjustment and The Murray Group were dismissed as third-party defendants.

subsequently awarded Fred Dallas $9,046.53 in fees. After El Fenix filed several motions, including a motion for new trial and a motion to extend time to file a notice of appeal, the court awarded Fred Dallas an additional $2,000 in fees. El Fenix's motions were denied.

El Fenix then filed two notices of appeal: (1) an October 15, 1992 notice appealing the order denying a new trial and the $9,046.53 fee award; and (2) a November 3, 1992 notice appealing the order denying El Fenix's motion to extend time for appeal. At the same time, El Fenix settled the claim made by O'Neale's against Caribbean Restaurant, Inc., effectively settling the third-party action as well. On December 9, 1993, this Court entered an order requiring appellant to brief the remaining issues: whether the trial court erred (1) in awarding fees to Fred Dallas, and (2) in denying El Fenix's motion for an extension of time to file its notice of appeal.

## II. DISCUSSION

A. *Attorney's Fee Awards*

■ Following the third-party action, the court awarded Fred Dallas fees and costs totalling $9,046.53 as the prevailing party. (App. at 129–30.) The court then awarded Dallas supplemental fees in the sum of $2,000 after Dallas defended several post-trial motions. (Id. at 154–55.) In this jurisdiction, a court may award costs and fees to a prevailing party as provided by statute. See V.I. Code Ann. tit. 5, § 541(b) (1967 & 1992 Supp.); Melendes v. Rivera, 24 V.I. 63, 64 (Terr. Ct. 1988). The decision whether to award fees to a prevailing party is within the court's discretion. Bedford v. Pueblo Supermarkets of St. Thomas, Inc., 18 V.I. 275, 278 (D.V.I. 1981).

■ El Fenix contends that the fee awards to Fred Dallas were not "fair and reasonable." The reasonableness of an award of attorney's fees is reviewed for an abuse of discretion. Rode v. Dellarciprete, 892 F.2d 1177, 1182 (3d Cir. 1990). However, whether the lower court applied the correct legal standard in deciding the fee award is subject to plenary review. Id.; Kean v. Stone, 966 F.2d 119, 121 (3d Cir. 1992). The factual findings are subject to review under a clearly erroneous standard. Rode, 892 F.2d at 1182–83.

In his initial motion, Dallas requested $12,985.85 in fees and costs. (App. 113–22.) The court did not award Dallas the entire amount. It considered the number of hours charged, the hourly

rate charged, the complexity of the case, and the outcome of the case in deciding its award. (Id. at 129–30.) Clearly, the court considered the appropriate factors in its determination. Lucerne Investment Co. v. Estate Belvedere, Inc., 411 F.2d 1205, 1207 (3d Cir. 1969).

■ In his supplemental motion, Dallas requested $4,130.17 in fees and costs for defending several post-trial motions. (App. at 136–41.) Again, the court did not award the full amount. In its order, the court stated that the services provided by Dallas' counsel were "necessary" but the amount requested was excessive. The court awarded $2,000 in fees and denied any costs. Although it may not have been expedient for the court to have awarded fees in two increments, there was nothing abusive about either of these awards.

B. *Filing of the Appeal*

Appellate rules require that a notice of appeal be filed within 30 days after the entry of the judgment or order appealed from. Fed. R. App. P. 4(a). The judgment awarding Dallas $39,655 was entered on August 13, 1992. On or about August 25, 1992, El Fenix made a Rule 59 new trial motion. This motion was denied by order entered September 4, 1992.

El Fenix did not file a notice of appeal by October 4; 1992. Instead, it filed a motion to extend time on or about October 16, 1992. In its motion, El Fenix argued that the final and appealable order was not the September 4, 1992 order, but rather, the court's September 21, 1992 order granting Dallas $9,046.53 in fees and costs. (App. 169–73.) At the same time, El Fenix filed a notice of appeal from the court's orders denying El Fenix's Rule 59 motion and awarding Dallas $9,046.53 in fees and costs. (Id. at 188–89.) The court denied El Fenix's motion to extend time by order dated October 27, 1992. (Id. at 183.) On or about November 3, 1992, El Fenix filed a notice of appeal from the order denying an extension of time. (Id. at 184.)

■ El Fenix argues that the court erred in its October 27, 1992 order. Generally, denial of a motion to extend time is reviewed solely for abuse of discretion. See Pedereaux v. Doe, 767 F.2d 50, 51 (3d Cir. 1985). However, in this instance we do not reach the merits of said denial because the underlying issue is whether the court's September 4, 1992 order or the September 17, 1992 order is the final, appealable judgment. El Fenix contends that the court's Sep-

tember 4, 1992 order was not final because the court intentionally reserved its decision on fees and costs. This argument is contrary to both Supreme Court and Third Circuit precedent. In Budinich v. Becton Dickinson, 486 U.S. 196 (1988), the Supreme Court held that a decision on the "merits is a 'final decision' as a matter of federal law under § 1291 [even] when the recoverability or amount of attorney's fees for the litigation remains to be determined." Id. at 199; see also Frangos v. Doering Equip. Corp., 860 F.2d 70, 72 (3d Cir. 1988). Thus, the. final order was the September 4, 1992 order, not the later order awarding fees and costs.

■ Counsel for El Fenix also argues, in the alternative, that the delay in filing a notice of appeal was due to "excusable neglect." Counsel contends that he was off-island at the time the September 4, 1992 order was issued. This assertion clearly fails to rise to the level of excusable neglect for purposes of Fed. R. App. P. 4(a)(5).

### III. CONCLUSION

There was no abuse of discretion in the two court's orders granting attorney's fees to Fred Dallas. There was also no error in denying El Fenix's motion to extend time to file an appeal. Thus, the appeal will be denied. An appropriate order. follows.

### ORDER OF THE COURT

AND NOW, after careful review of the record and having considered the submissions and argument of the parties; and for the reasons set forth in the Court's accompanying opinion of even date;

IT IS THEREFORE on this 9th day of September 1994,

ORDERED that the appeal be and hereby is denied.